MD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Lewis A. Martin,

                Plaintiff,

vs.

Joseph M. Arpaio, et al.,

                Defendants.

No.  CV 13-02639-PHX-DGC (SPL)

**ORDER**

On December 27, 2013, Plaintiff Lewis A. Martin, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a February 18, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 6, 2014, Plaintiff filed his First Amended Complaint (Doc. 7).  On March 14, 2014, Plaintiff filed a "Motion for Preliminary Injunction Prohibiting Continuance of Acts of Unconstitutional Jail Policy" (Doc. 8).  The Court will deny the Motion and will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

1   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

2   which relief may be granted, or that seek monetary relief from a defendant who is

3   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4       A pleading must contain a "short and plain statement of the claim *showing* that the

5   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

6   does not demand detailed factual allegations, "it demands more than an unadorned, the-

7   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

8   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

9   conclusory statements, do not suffice." *Id.*

10       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

11   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

12   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

13   content that allows the court to draw the reasonable inference that the defendant is liable

14   for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible

15   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

16   on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's

17   specific factual allegations may be consistent with a constitutional claim, a court must

18   assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*

19   at 681.

20       But as the United States Court of Appeals for the Ninth Circuit has instructed,

21   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

22   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

23   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

24   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

25       If the Court determines that a pleading could be cured by the allegation of other

26   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

27   of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

28   Court should not, however, advise the litigant how to cure the defects.  This type of

advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.    First Amended Complaint**

Plaintiff sues the following Defendants in his five-count First Amended Complaint:  Maricopa County; "Maricopa County Sheriffs'," employed as the "Maricopa County Sheriff's Department"; and Sheriff Joseph M. Arpaio.  Plaintiff seeks damages and an injunction requiring the "discontinuation of all unwarranted, unlawful and illegal 'blanket' strip searching of inmates being held" in Maricopa County jails.

In Count I, Plaintiff alleges that his Fourth Amendment rights have been violated by "illegal strip searches" and he alleges the following facts:  upon being detained and incarcerated at the Fourth Avenue Jail, Plaintiff and all arrestees are strip searched "regardless of misdemeanor or felony arrest and without any reasonable suspicion that we, as a category of offenders, or individually might possess weapons or contraband." The strip searches continue "throughout the detainment process, specifically and on all court dates (prior as well as after) solely by procedure and rules implemented by Maricopa County's Sheriff's Department under the jurisdiction of Joseph M. Arpaio." The searches subject each detainee "to a complete body and cavity search which consists of facing a wall, lifting each foot in turn, then while facing away from detention officers, bending completely forward at the waist, spreading both butt cheeks for anal cavity search, then having to squat and cough, then facing forward and moving genitalia to allow visual inspection."  "Upon housing placement, groups of approx. 10-15 people must be completely naked while placing all 'street clothes' into a plastic bag and waiting for name to be called in order to trade for facility issued clothing."  Similar searches are conducted before and after an inmate's court proceeding "regardless of housing status or bond availability and without any reasonable suspicion of contraband or weapons, but

apparently solely on the reasons of being detained and housed in a Maricopa County facility for custodial housing and care, and for transportation of any and all court hearings as required, as well as allowed by the unconstitutional policy of Sheriff Joseph M. Arpaio's Maricopa County Sheriff's Department."  According to Plaintiff, the searches are degrading and humiliating and cause emotional as well as psychological distress.

In Count II, Plaintiff alleges that the searches violate his Eighth Amendment rights and that he "as well as all pre-arraignment/pre-trial detainees are initially strip searched as well as continually strip searched without reasonable individualized suspicions but for the sole reason of being detained and housed in the general jail population."

In Count III, Plaintiff alleges that the searches violate his Fourteenth Amendment rights and that the "'blanket' strip searching of all persons, male and female, regardless of any misdemeanor or felony infraction without individual suspicion or indication of possessing weapons or contraband is excessive, harassing and vindictive since it apparently applies to being detained as a possible violator of an alleged crime."  Plaintiff asserts that the searches "are unrelated to any legitimate penological interests as they are not done randomly or for specific institutional 'security concerns' but solely for the reason of being detained and upon being housed custodially at Maricopa County's [4th Avenue] jail and (as required) in order to attend any and all types of court proceedings and appearances."

In Count IV, Plaintiff asserts a claim of excessive force by an officer and alleges the following facts:  on August 20, 2013, Plaintiff was detained and booked at the "Maricopa County Jail" and "subsequently placed in a padded 'security' room without any clothing."  Plaintiff was "in an unstable mental state of mind due to psychological issues" and only remembers waking up on the floor with his hands under his head while lying on his stomach.  Detention officers were yelling at Plaintiff to remove his hands from under his head.  Plaintiff was not aggressive or refusing to obey orders but did not have "any reasonable understanding of situation or cause."  As Plaintiff tried to remove his hands, and while still lying on his stomach, he was shot with a Taser by unknown

detention officers.  According to Plaintiff, "this excessive force was unwarranted as well as unnecessary due to attempting to cooperate with detention officers['] demands." Plaintiff suffered "physical as well as emotional and psychological damage, pains and discomfort from tazers, insecurities to self as well as to mental and physical well being due to post-traumatic stress."

In Count V, Plaintiff alleges that he was denied medical care and alleges the following facts:  Plaintiff has been incarcerated at the Fourth Avenue Jail for approximately six months and has requested "medical as well as mental health support and assistance."  Plaintiff has on numerous occasions submitted health needs requests ("HNR") forms "to be seen by a healthcare provider and/or by any mental health advisor and/or psychiatrist."  To date, these requests have not been "adhered to or taken seriously."  Plaintiff has complained of hearing voices and being unable to sleep.  He also has extreme and severe nightmares which cause anxiety and fear of his surroundings. Because of "Maricopa County's continued denial of care and negligence, symptoms of mental distress, psychological trauma and mental health continue to worsen."

**III.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Maricopa County**

Plaintiff fails to state a claim against the county.  A municipality, such as a city or county, is a "person" for purposes of § 1983 and may be sued.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 686, 694 (1978).  To

state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989)). A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski*, 435 F.3d at 1080 (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff fails to allege facts to support that Maricopa County maintained a policy or custom that resulted in the violation of his federal constitutional rights. Accordingly, Plaintiff fails to state a claim against Maricopa County.

**B.     Maricopa County Sheriff's Office**

It appears that Plaintiff is attempting to sue the Maricopa County Sheriff's Office ("MCSO"). MCSO is not a proper defendant. Claims under § 1983 are directed at "bodies politic and corporate." *Monell*, 436 U.S. at 688-89. Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Id*. at 689-690. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County. *See* Ariz. Rev. Stat. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to § 1983. *See*, *e.g.*, *Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361 (E.D. Pa. 2002). Accordingly, to the extent Plaintiff is attempting to sue MCSO, it will be dismissed from this action as a Defendant. / / /

1

## C.      Count I (Fourth Amendment)

2          Plaintiff alleges in Count I that the strip searches at the Fourth Avenue Jail violate

3    his rights under the Fourth Amendment. Detainees, like convicted prisoners, do not

4    possess "the full range of freedoms of an unincarcerated individual." *Bell v. Wolfish*, 441

5    U.S. 520, 546 (1979).  The applicability of the Fourth Amendment turns on whether the

6    person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate

7    expectation of privacy" that has been "invaded by government action."  *Hudson v.*

8    *Palmer*, 468 U.S. 517, 525 (1984) (quotation omitted); *see also Bell*, 441 U.S. at 557

9    ("any reasonable expectation of privacy that a detainee retained necessarily would be of a

10   diminished scope").   "A right of privacy in traditional Fourth Amendment terms is

11   fundamentally incompatible with the close and continual surveillance of inmates and

12   their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S.

13   at 527-28.  Furthermore, any restriction on a plaintiff's privacy interests is justified to the

14   extent that it is "reasonably related to legitimate penological interests."  *See Turner v.*

15   *Safley*, 482 U.S. 78, 89 (1987).  The investigation and prevention of illegal inmate

16   activity, including the prevention of contraband and circulation of threats, is a legitimate

17   penological objective. *See Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989).

18          Generally, strip searches do not violate the Fourth Amendment rights of prisoners.

19   *See Michenfelder v. Sumner*, 860 F.2d 328, 332-33 (9th Cir. 1988).  Whether a search is

20   reasonable under the Fourth Amendment requires a case-by-case "balancing of the need

21   for the particular search against the invasion of personal rights that the search entails

22   . . . ." *Bell,* 441 U.S. at 559.  "The required factors for courts to consider include: (1) the

23   scope of the particular intrusion, (2) the manner in which it is conducted, (3) the

24   justification for initiating it, and (4) the place in which it is conducted."  *Byrd v.*

25   *Maricopa County Sheriff's Dept*., 629 F.3d 1135, 1141 (9th Cir. 2011) (*en banc*)

26   (quotations omitted).

27          That being said, the Fourth Amendment guarantees the right of the people to be

28   secure against unreasonable searches, and its protections are not extinguished upon

1    incarceration.  *Michenfelder*, 860 F.2d at 332-33.  Further, the Fourth Amendment has
2    been held to apply to the invasion of bodily privacy.  *Id.* at 333.  Thus, strip searches that
3    are excessive, vindictive, harassing, or unrelated to any legitimate penological interest
4    may violate the Fourth Amendment.  *Id.* at 332.  Nevertheless, a policy of routinely strip
5    searching arrestees for contraband has been held not to be unreasonable where there is no
6    physical contact and the searches are professionally conducted in relative privacy.  *Bull v.*
7    *City and County of San Francisco*, 595 F.3d 964, 973 (9th Cir. 2010) (*en banc*).
8    Moreover, an arrestee can be "strip searched without individualized suspicion if the
9    arrestee would be introduced into the general jail population."  *Edgerly v. City and*
10   *County of San Francisco,* 599 F.3d 946, 957 (9th Cir. 2010) (citing *Bull*, 595 F.3d at
11   977).  However, jail officials must have "reasonable suspicion to strip search arrestees
12   charged with minor offenses who are not classified for housing in the general
13   population."  *Id.*  Finally, the Supreme Court upheld as constitutional strip searches of
14   *arrestees*, which were conducted by county jails as a standard part of the intake process
15   and required male prisoners to lift their genitals and cough in a squatting position,
16   because the searches were "designed to uncover contraband that can be undetected by a
17   pat down, metal detector, and other less invasive searches."  *Florence v. Bd. of Chosen*
18   *Freeholders of County of Burlington*, 132 S. Ct. 1510, 1520 (2012).

19          Plaintiff's allegations are too vague and conclusory to state a claim.  Plaintiff fails
20   to allege any *specific* facts about the strip searches at the Fourth Avenue Jail, such as
21   when he was strip searched, by whom, or where, his housing status, or any facts to
22   support that the search or searches were excessive, vindictive, harassing, or unrelated to a
23   legitimate penological interest.  Plaintiff does not allege facts to support that there was
24   any physical contact or that the searches were unprofessionally conducted or not
25   conducted in relative privacy.  Although *pro se* pleadings are liberally construed, *Haines*
26   *v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not
27   support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,
28   268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled.  *Id*.  In short, Plaintiff fails to allege sufficient facts to state a Fourth Amendment claim, and Count II will be dismissed.

### D.      Count II (Eighth Amendment)

Plaintiff alleges in Count II that the strip searches violate his Eighth Amendment right to be free from cruel and unusual punishment.  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment's Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell*, 441 U.S. at 531.  Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Estate of Ford v. Ramirez-Palmer,* 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions.  *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).  "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred."  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). Thus, for example, to state a claim regarding personal security, the detainee must show that the defendant was deliberately indifferent.  *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1074 (1992).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S.

1   at 832-33.  That is, "the official must both [have been] aware of facts from which the

2   inference could be drawn that a substantial risk of serious harm exist[ed], and he must

3   also [have] draw[n] the inference."  *Id*.

4        Plaintiff has failed to allege any facts showing that any Defendant was deliberately

5   indifferent to an excessive risk to his health or safety.  Accordingly, Count II will be

6   dismissed.

7        **E.     Count III (Fourteenth Amendment)**

8        Plaintiff alleges in Count III that the strip searches violate his Fourteenth

9   Amendment rights.  Under the Due Process Clause, "a detainee may not be punished

10  prior to an adjudication of guilt."  *Bell*, 441 U.S. at 536 (citations omitted).  However, the

11  government may subject a pretrial detainee "to the restrictions and conditions of the

12  detention facility so long as those conditions and restrictions do not amount to

13  punishment, or otherwise violate the Constitution."  *Id*. at 536-37.  Here, Plaintiff has

14  failed to allege facts to support that the strip searches are conducted with the intent to

15  punish pretrial detainees.  *Bell*, 441 U.S. at 540 (no unconstitutional punishment occurs

16  when the government imposes restrictions as part of legitimate operational concerns to

17  ensure security and order).

18       Plaintiff also alleges that his rights under the Equal Protection Clause have been

19  violated.  The Equal Protection Clause of the Fourteenth Amendment provides that a state

20  may not "deny to any person within its jurisdiction the equal protection of the laws,"

21  which is essentially a direction that all persons similarly situated should be treated alike.

22  U.S. Const., amend. XIV; *see City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S.

23  432, 439 (1985).  A state practice that interferes with a fundamental right or that

24  discriminates against a suspect class of individuals is subject to strict scrutiny.

25  *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976); *see City of Cleburne*, 473

26  U.S. at 441.  Absent allegations that he is a member of a suspect class, or that a

27  fundamental right has been violated, a plaintiff must allege facts to support that he has

28  been intentionally treated differently from others who are similarly situated without a

1   reasonable basis therefor.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564

2   (2000).  Conclusory allegations do not suffice.  *See Village of Arlington Heights v.*

3   *Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).  Plaintiff does not allege that

4   he is a member of a suspect class or that he has been treated differently from other

5   similarly situated individuals.

6         Accordingly, Plaintiff fails to state a Fourteenth Amendment claim and Count III

7   will be dismissed.

8         **F.      Count IV (Excessive Force)**

9         Plaintiff has not named as a Defendant any individual who allegedly used

10   excessive force on him.  Accordingly, Count IV will be dismissed without prejudice.[1]

11         Plaintiff should be aware that the Fourteenth Amendment Due Process clause, not

12   the Eighth Amendment, protects pretrial detainees from excessive force that amounts to

13   punishment.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002).  "[T]he

14   Fourth Amendment sets the 'applicable constitutional limitations' for considering claims

15   of excessive force during pretrial detention."  *Id.* (quoting *Pierce v. Multnomah County*,

16   76 F.3d 1032, 1043 (9th Cir. 1996).

17         The Fourth Amendment does not prohibit the use of reasonable force.  *Tatum v.*

18   *City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force

19   was excessive depends on "whether the officers' actions [were] 'objectively reasonable'

20   in light of the facts and circumstances confronting them, without regard to their

21   underlying intent or motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*,

22   441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The

23   Court must balance the nature and quality of the intrusion against the countervailing

24   governmental interests at stake.  *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.

25   Moreover, [t]he "reasonableness" of a particular use of force must be judged from the

26   ─────────────────────

27         [1] If Plaintiff files an amended complaint and does not know the name of a
defendant who allegedly used excessive force against him, he may refer to the individual

28   unknown defendant(s) as Defendant John Doe 1, Defendant John Doe 2, Defendant John
Doe 3, and so on, and allege facts to support how each particular Doe defendant violated
his constitutional rights.

1    perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

2    hindsight.  . . . .  "Not every push or shove, even if it may later seem unnecessary in the

3    peace of a judge's chambers," violates the Fourth Amendment.  *Graham*, 490 U.S. at 396

4    (citations omitted).

5        **G.    Count V (Medical Care)**

6        Not every claim by a prisoner relating to inadequate medical treatment states a

7    violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

8    plaintiff must show that the defendants acted with "deliberate indifference to serious

9    medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

10   *Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need"

11   by demonstrating that failure to treat the condition could result in further significant

12   injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

13   was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

14       "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

15   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

16   both know of and disregard an excessive risk to inmate health; "the official must both be

17   aware of facts from which the inference could be drawn that a substantial risk of serious

18   harm exists, and he must also draw the inference."  *Farmer*, 511 U.S.at 837.  Deliberate

19   indifference in the medical context may be shown by a purposeful act or failure to

20   respond to a prisoner's pain or possible medical need and harm caused by the

21   indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

22   prison official intentionally denies, delays, or interferes with medical treatment or by the

23   way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05;

24   *Jett*, 439 F.3d at 1096.

25       Deliberate indifference is a higher standard than negligence or lack of ordinary

26   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

27   gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

28   *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

JDDL-K

622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

In Count V, Plaintiff alleges that he has been in jail approximately six months, and he has "continuously and on numerous occasions" submitted HNR forms to be seen by a "healthcare provider and/or by any mental health advisor and/or psychiatrist." Plaintiff alleges that he has complained of hearing voices, being unable to sleep, and severe nightmares which cause anxiety and fear of his surroundings. Plaintiff alleges that his requests have not been "adhered to or taken seriously." Plaintiff, however, fails to allege when he submitted these HNRs or any details about them or any responses he received. He does attach exhibits to his First Amended Complaint, including two HNRs dated September 16, 2013 and September 20, 2013, and two other undated HNRs.[2] In the September 16, 2013 HNR, which is date stamped the same day, Plaintiff states that he needs to see the doctor about his back pain and getting a new mattress. In the September 20, 2013 HNR, which is date stamped September 22, 2013, Plaintiff wrote that his feet are "cracking and hurt" and he is still having back pain. Neither of the other two undated HNRs is date stamped. In one, Plaintiff wrote "need to see the psyciatrist (sic) A.S.A.P." In the other, Plaintiff wrote "I am hearing voices and can not sleep need to see the Phyk. Please & Thank you." It is unclear whether these two undated HNRs were ever submitted to anyone.

---

[2] Plaintiff failed to follow the instructions for filing a civil rights complaint which specifically state: "You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased." Instructions, ¶ 10.

1   Moreover, Plaintiff has not named as a Defendant any individual who was
2   allegedly deliberately indifferent to a serious medical need.  For that reason alone,
3   Plaintiff fails to state a claim.  In addition, Plaintiff fails to allege facts, and his exhibits
4   do not support, that anyone was deliberately indifferent to a serious medical need or even
5   who allegedly denied him medical care.  Accordingly, Plaintiff has failed to state a claim
6   of deliberate indifference to a serious medical need in Count V and it will be dismissed.

7   **IV.     Leave to Amend**

8   For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed
9   for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff
10  may submit a second amended complaint to cure the deficiencies outlined above.  The
11  Clerk of Court will mail Plaintiff a court-approved form to use for filing a second
12  amended complaint.  If Plaintiff fails to use the court-approved form, the Court may
13  strike the second amended complaint and dismiss this action without further notice to
14  Plaintiff.

15  Plaintiff must clearly designate on the face of the document that it is the "Second
16  Amended Complaint."  The second amended complaint must be retyped or rewritten in
17  its entirety on the court-approved form and may not incorporate any part of the original
18  Complaint or First Amended Complaint by reference.  Plaintiff may include only one
19  claim per count.

20  A second amended complaint supersedes the original Complaint and First
21  Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*
22  *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After
23  amendment, the Court will treat the original Complaint and First Amended Complaint as
24  nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the
25  original complaint or first amended complaint and that was voluntarily dismissed or was
26  dismissed without prejudice is waived if it is not alleged in a second amended complaint.
27  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).
28  / / /

JDDL-K

1   **V.      Motion for Preliminary Injunction**

2          Plaintiff's Motion for Preliminary Injunction asks the court to enjoin Defendants

3   "from enforcing 'unconstitutional' jail policies to the petitioner, as well as all others

4   similarly situated . . . being the actual act of 'blank strip searching' all detainees housed

5   at Maricopa County(s) [Fourth Avenue] Jail(s) without any reasonable suspicion of

6   containing weapons or contraband[.]"

7          A preliminary injunction is an extraordinary and drastic remedy and will not be

8   granted absent a clear showing of likely success in the underlying claim and possible

9   irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).

10  An injunction or temporary restraining order is appropriate to grant intermediate relief of

11  the same character as which may be granted finally, and relief is not proper when

12  requested on matters lying wholly outside the issues in suit.  *See DeBeers Consol. Mines*

13  *v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43

14  (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the

15  party "must necessarily establish a relationship between the injury claimed in the party's

16  motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470,

17  471 (8th Cir. 1994).  In other words, Plaintiff must seek injunctive relief related to the

18  merits of his underlying claim.  Because Plaintiff's First Amended Complaint has been

19  dismissed, there are currently no claims pending before this Court.

20         In addition, a temporary restraining order without notice may be granted only if

21  "specific facts in an affidavit or verified complaint clearly show that immediate and

22  irreparable injury, loss, or damage will result to the movant before the adverse party can

23  be heard" and the movant certifies to the court in writing any efforts made to give notice

24  and the reasons that notice should not be required.  Fed. R. Civ. P. 65(b)(1).  A "court

25  may only issue a preliminary injunction on notice to the adverse party."  Fed. R. Civ. P.

26  65(a)(1).  Plaintiff has not provided notice nor does he explain why notice should not be

27  required.  Based on the foregoing, Plaintiff's Motion will be denied without prejudice.

28  / / /

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

/ / /

/ / /

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)      Plaintiff's "Motion for Preliminary Injunction Prohibiting Continuance of Acts of Unconstitutional Jail Policy" (Doc. 8) is **denied** without prejudice.

(4)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 8th day of May, 2014.


_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                    1

Phoenix & Prescott Divisions:     **OR**     Tucson Division:
U.S. District Court Clerk                               U.S. District Court Clerk
U.S. Courthouse, Suite 130                           U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)     Plaintiff,     )
)
      vs.     )  **CASE NO.** _____
)        (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)     )
(2)_____, )
)    **CIVIL RIGHTS COMPLAINT**
(3)_____, )     **BY A PRISONER**
)
(4)_____, )  ☐ Original Complaint
        Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
        (Position and Title)                       (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
        (Position and Title)                       (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
        (Position and Title)                       (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
        (Position and Title)                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?　　　□ Yes　　　□ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer          ☐ Threat to safety ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                ☐ Yes   ☐ No

b.    Did you submit a request for administrative relief on Count I?          ☐ Yes   ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?          ☐ Yes   ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?     ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail             ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                         ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?      ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.